1        IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  JOHNNY L. SLOAN, JR.,            )    No. C 00-4117 CW(PR)
                                    )
5            Plaintiff,             )    <u>ORDER GRANTING DEFENDANTS</u>
                                    )    <u>GOODSPEED AND KRIEGER'S</u>
6        v.                         )    <u>MOTION FOR SUMMARY</u>
                                    )    <u>JUDGMENT AND DENYING AS</u>
7  OAKLAND POLICE DEPARTMENT, et al.,)  <u>MOOT THEIR MOTION TO</u>
                                    )    <u>DISMISS</u>
8            Defendants.            )
                                    )    (Docket no. 340, 356)
9  _____  )

10

11                      INTRODUCTION

12       Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

13  at High Desert State Prison, filed this pro se civil rights action

14  under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

15  includes numerous claims for relief.  The claims addressed in this

16  Order are those against Defendants Lisa Goodspeed and Cathy

17  Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

18  Defendants have moved for summary judgment on Plaintiff's claim

19  that they acted with deliberate indifference to his serious medical

20  needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

21  motion and Defendants have filed a reply.  For the reasons

22  discussed below, the Court grants the motion for summary judgment.

23

24

25  _____

26       [1]Defendants Goodspeed and Krieger also have joined with the other
    Alameda County Defendants in a motion to dismiss the complaint as a
    sanction for Plaintiff's prior failure to appear and answer questions at
27  his deposition and to comply with discovery.  Because the Court grants
    the motion for summary judgment, the motion to dismiss is DENIED as moot
28  as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

*United States District Court*
For the Northern District of California

DISCUSSION

I.  STATEMENT OF FACTS

      The following statement of facts is based on the allegations in Plaintiff's complaint and amended complaints and declarations, and the declarations and evidence (including the transcript of Plaintiff's deposition) submitted by Defendants.  The facts are undisputed unless otherwise noted.

      Plaintiff was taken to Highland Hospital following his arrest on June 20, 1999, because of various injuries sustained from a fifty foot fall.  After receiving treatment, he was incarcerated at SRJ.  On October 19, 1999, he was transported from SRJ to the North County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was in a wheelchair and had a cast on his left arm.  At about 9:00 p.m. Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to the transportation port for the return trip to SRJ.

      The parties dispute what occurred next.  Plaintiff claims that the deputies used force against him for no reason, resulting in serious physical injury.  He alleges further that Dave Fife[2], a nurse practitioner at NCJ who had administered seizure medications to Plaintiff before the alleged assault, observed his obvious injuries following the assault but provided no medical care. Defendants claim that the use of force was necessary to control Plaintiff, who would not cooperate with their attempts to move him, and that he did not suffer serious injury.

---

      [2]Dave Fife also is a Defendant in this action but he never responded to the Court's March 16, 2005, request for waiver of service and has not otherwise appeared in this matter.  Accordingly, this Order does not address the claims against Fife.

2

**United States District Court**

For the Northern District of California

1    Ultimately, Plaintiff was placed in restraints and returned to

2   SRJ.  He alleges that when he arrived Defendants Goodspeed and

3   Krieger, nurse practitioners on duty in the SRJ infirmary, and

4   Deputy Shephard, who was also on duty in the infirmary at that

5   time, observed his injuries but offered no assistance, even after

6   he asked to see a doctor.  Plaintiff describes his injuries as

7   follows: his arm cast was broken in two parts, his shirt was torn,

8   his head was bruised, he was bleeding, and parts of his body were

9   swollen.  <u>See</u> Am'd Compl. at 3-5, ¶¶(e)-(g).

10    Defendants' description of the course of events is somewhat

11   different.  Relying on Plaintiff's deposition testimony, they

12   maintain that just as he was being wheeled into his room by Deputy

13   Shephard, Plaintiff turned around, glanced down a corridor, and saw

14   a little, short Caucasian nurse practitioner with glasses and white

15   hair.  Plaintiff said nothing to her.  Once inside the room,

16   Plaintiff asked Deputy Shephard to see a doctor, but he saw no

17   doctor that night.  Other than that request, Plaintiff made no

18   requests for medical attention that night.  According to the

19   declaration of SRJ nurse Moore, who checked on Plaintiff some time

20   during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

21   II.  STANDARD OF REVIEW

22    Summary judgment is properly granted when no genuine and

23   disputed issues of material fact remain and when, viewing the

24   evidence most favorably to the non-moving party, the movant is

25   clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

26   56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986);

27   <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir.

28

3

1    1987).

2        The moving party bears the burden of showing that there is no

3    material factual dispute.   Therefore, the Court must regard as true

4    the opposing party's evidence, if supported by affidavits or other

5    evidentiary material.   Celotex, 477 U.S. at 324; Eisenberg, 815

6    F.2d at 1289.   The Court must draw all reasonable inferences in

7    favor of the party against whom summary judgment is sought.

8    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

9    587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

10   1551, 1558 (9th Cir. 1991).

11       Material facts which would preclude entry of summary judgment

12   are those which, under applicable substantive law, may affect the

13   outcome of the case.   The substantive law will identify which facts

14   are material.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

15   (1986).   Where the moving party does not bear the burden of proof

16   on an issue at trial, the moving party may discharge its burden of

17   showing that no genuine issue of material fact remains by

18   demonstrating that "there is an absence of evidence to support the

19   nonmoving party's case."   Celotex, 477 U.S. at 325.   The burden

20   then shifts to the opposing party to produce "specific evidence,

21   through affidavits or admissible discovery material, to show that

22   the dispute exists."   Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409

23   (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).   A complete

24   failure of proof concerning an essential element of the non-moving

25   party's case necessarily renders all other facts immaterial.

26   Celotex, 477 U.S. at 323.

27

28                                  4

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1  III.  ANALYSIS

2      Deliberate indifference to serious medical needs violates the

3  Eighth Amendment's proscription against cruel and unusual

4  punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin

5  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

6  grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136

7  (9th Cir. 1997) (en banc).  A determination of "deliberate

8  indifference" involves an examination of two elements: the

9  seriousness of the prisoner's medical need and the nature of the

10  defendant's response to that need.  Id. at 1059.

11      A.   Serious Medical Need

12      A serious medical need exists if the failure to treat a

13  prisoner's condition could result in further significant injury or

14  the "unnecessary and wanton infliction of pain."  Id. (citing

15  Estelle, 429 U.S. at 104).  The existence of an injury that a

16  reasonable doctor or patient would find important and worthy of

17  comment or treatment; the presence of a medical condition that

18  significantly affects an individual's daily activities; or the

19  existence of chronic and substantial pain are examples of

20  indications that a prisoner has a serious need for medical

21  treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d

22  1332, 1337-41 (9th Cir. 1990)).

23      In his deposition, Plaintiff stated that he suffered the

24  following injuries after being assaulted by NCJ deputies:

25      (1) He had a knot or big lump about the size of a silver

26  dollar on his head.

27      (2) He had blood on his feet (which were bare) from being

28                                     5

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

United States District Court

For the Northern District of California

create a triable issue as to whether his injuries amounted to a serious medical need.

      B.    <u>Deliberate Indifference</u>

     A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).  Deliberate indifference may appear when prison officials deny or delay medical treatment.  <u>McGuckin</u>, 974 F.2d at 1062.  But mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment.  <u>Franklin v. Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

     Defendants assert that Plaintiff has not presented evidence that they acted with deliberate indifference to his medical needs.  They point to following facts taken from Plaintiff's deposition testimony and other evidence.

     Plaintiff's assertion that a short, white-haired Caucasian nurse practitioner was in the infirmary corridor when he was being wheeled into his room is not probative of his claim because no evidence shows that the nurse practitioner saw him, he never spoke to her and he recalls no nurse coming anywhere near him that night, and, even if she had seen him from down the corridor, no evidence suggests she was aware he had any medical needs, let alone serious

**United States District Court**

For the Northern District of California

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night.  He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ.  He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ.  The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at the Santa Rita Jail booking section.  Nurse Krieger had stated that Sloan's medical condition was such that he could stand and walk for short distances and set [sic] in either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary.  Further, it

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

CONCLUSION

For the foregoing reasons, the Court orders as follows:

Defendants Goodspeed and Krieger's motion for summary judgment is GRANTED. (Docket no. 365.)  The motion to dismiss the claims against them is DENIED as moot. (Docket no. 340.)  The Clerk of the Court shall enter judgment in their favor when the case against the remaining Defendants is concluded.  These Defendants shall bear their own costs.

IT IS SO ORDERED.

Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

10

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNY L. SLOAN, JR.,                    )    No. C 00-4117 CW(PR)
                                         )
          Plaintiff,                     )    ORDER GRANTING DEFENDANTS
                                         )    GOODSPEED AND KRIEGER'S
     v.                                  )    MOTION FOR SUMMARY
                                         )    JUDGMENT AND DENYING AS
OAKLAND POLICE DEPARTMENT, et al.,       )    MOOT THEIR MOTION TO
                                         )    DISMISS
          Defendants.                    )
                                         )    (Docket no. 340, 356)
_____)

INTRODUCTION

     Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated at High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit includes numerous claims for relief.  The claims addressed in this Order are those against Defendants Lisa Goodspeed and Cathy Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).  Defendants have moved for summary judgment on Plaintiff's claim that they acted with deliberate indifference to his serious medical needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the motion and Defendants have filed a reply.  For the reasons discussed below, the Court grants the motion for summary judgment.

_____

     [1]Defendants Goodspeed and Krieger also have joined with the other Alameda County Defendants in a motion to dismiss the complaint as a sanction for Plaintiff's prior failure to appear and answer questions at his deposition and to comply with discovery.  Because the Court grants the motion for summary judgment, the motion to dismiss is DENIED as moot as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

**United States District Court**
For the Northern District of California

1
DISCUSSION

2  I.  STATEMENT OF FACTS

3       The following statement of facts is based on the allegations

4  in Plaintiff's complaint and amended complaints and declarations,

5  and the declarations and evidence (including the transcript of

6  Plaintiff's deposition) submitted by Defendants.  The facts are

7  undisputed unless otherwise noted.

8       Plaintiff was taken to Highland Hospital following his arrest

9  on June 20, 1999, because of various injuries sustained from a

10  fifty foot fall.  After receiving treatment, he was incarcerated at

11  SRJ.  On October 19, 1999, he was transported from SRJ to the North

12  County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was

13  in a wheelchair and had a cast on his left arm.  At about 9:00 p.m.

14  Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to

15  the transportation port for the return trip to SRJ.

16       The parties dispute what occurred next.  Plaintiff claims that

17  the deputies used force against him for no reason, resulting in

18  serious physical injury.  He alleges further that Dave Fife[2], a

19  nurse practitioner at NCJ who had administered seizure medications

20  to Plaintiff before the alleged assault, observed his obvious

21  injuries following the assault but provided no medical care.

22  Defendants claim that the use of force was necessary to control

23  Plaintiff, who would not cooperate with their attempts to move him,

24  and that he did not suffer serious injury.

25  _____

26       [2]Dave Fife also is a Defendant in this action but he never responded
    to the Court's March 16, 2005, request for waiver of service and has not
27  otherwise appeared in this matter.  Accordingly, this Order does not
    address the claims against Fife.

28
2

**United States District Court**

For the Northern District of California

Ultimately, Plaintiff was placed in restraints and returned to SRJ. He alleges that when he arrived Defendants Goodspeed and Krieger, nurse practitioners on duty in the SRJ infirmary, and Deputy Shephard, who was also on duty in the infirmary at that time, observed his injuries but offered no assistance, even after he asked to see a doctor. Plaintiff describes his injuries as follows: his arm cast was broken in two parts, his shirt was torn, his head was bruised, he was bleeding, and parts of his body were swollen. See Am'd Compl. at 3-5, ¶¶(e)-(g).

Defendants' description of the course of events is somewhat different. Relying on Plaintiff's deposition testimony, they maintain that just as he was being wheeled into his room by Deputy Shephard, Plaintiff turned around, glanced down a corridor, and saw a little, short Caucasian nurse practitioner with glasses and white hair. Plaintiff said nothing to her. Once inside the room, Plaintiff asked Deputy Shephard to see a doctor, but he saw no doctor that night. Other than that request, Plaintiff made no requests for medical attention that night. According to the declaration of SRJ nurse Moore, who checked on Plaintiff some time during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

II.   STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

3

1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289.  The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

4

United States District Court

For the Northern District of California

III.  ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements:  the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

5

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

6

**United States District Court**

For the Northern District of California

create a triable issue as to whether his injuries amounted to a serious medical need.

B. <u>Deliberate Indifference</u>

A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Deliberate indifference may appear when prison officials deny or delay medical treatment. <u>McGuckin</u>, 974 F.2d at 1062. But mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. <u>Franklin v. Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendants assert that Plaintiff has not presented evidence that they acted with deliberate indifference to his medical needs. They point to following facts taken from Plaintiff's deposition testimony and other evidence.

Plaintiff's assertion that a short, white-haired Caucasian nurse practitioner was in the infirmary corridor when he was being wheeled into his room is not probative of his claim because no evidence shows that the nurse practitioner saw him, he never spoke to her and he recalls no nurse coming anywhere near him that night, and, even if she had seen him from down the corridor, no evidence suggests she was aware he had any medical needs, let alone serious

7

1  medical needs.

2      Plaintiff has presented no evidence that Defendants Goodspeed

3  or Krieger saw him that night.  He testified at his deposition that

4  he does not know what either of them looks like, he does not know

5  whether either saw him at all that night, and he does not know

6  whether they even were on duty when he returned to SRJ.  He further

7  testified that the only reason he named these two nurses as

8  Defendants is because their names were listed on a sheet of paper

9  that he received regarding what happened at NCJ.  The sheet of

10  paper in question is a report in which Sgt. Kimmel, who was on duty

11  as the Watch Sergeant at NCJ on the date of Plaintiff's interaction

12  with the deputies, states that he spoke to NCJ Nurse Fife about

13  where Plaintiff should be housed if he could not return to SRJ, and

14  Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at
> the Santa Rita Jail booking section.  Nurse Krieger had
> stated that Sloan's medical condition was such that he
> could stand and walk for short distances and set [sic] in
> either chairs or vehicle seats with no difficulty.

18  Def. Ex. C.

19      With reference to Nurse Goodspeed, Sgt. Kimmel stated that he

20  had contacted her five days later, on October 24, 1999, and she

21  told him that Plaintiff was cleared to walk and sit normally, and

22  in fact was required to walk daily according to doctor's orders.

23      Defendants maintain that the statements in the report are

24  inadmissible hearsay, but even if they are not, they do not support

25  Plaintiff's theory that Nurse Krieger was the nurse he saw in the

26  corridor, because the report indicates that Nurse Krieger was

27  working in the booking section, not in the infirmary.  Further, it

28                                    8

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//
//
//
//
//

United States District Court
For the Northern District of California

CONCLUSION

For the foregoing reasons, the Court orders as follows:

Defendants Goodspeed and Krieger's motion for summary judgment is GRANTED. (Docket no. 365.) The motion to dismiss the claims against them is DENIED as moot. (Docket no. 340.) The Clerk of the Court shall enter judgment in their favor when the case against the remaining Defendants is concluded. These Defendants shall bear their own costs.

IT IS SO ORDERED.

Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNY L. SLOAN, JR.,                )   No. C 00-4117 CW(PR)
                                     )
           Plaintiff,                )   ORDER GRANTING DEFENDANTS
                                     )   GOODSPEED AND KRIEGER'S
      v.                             )   MOTION FOR SUMMARY
                                     )   JUDGMENT AND DENYING AS
OAKLAND POLICE DEPARTMENT, et al.,   )   MOOT THEIR MOTION TO
                                     )   DISMISS
           Defendants.               )
                                     )   (Docket no. 340, 356)
_____)

INTRODUCTION

      Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

at High Desert State Prison, filed this pro se civil rights action

under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

includes numerous claims for relief.  The claims addressed in this

Order are those against Defendants Lisa Goodspeed and Cathy

Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

Defendants have moved for summary judgment on Plaintiff's claim

that they acted with deliberate indifference to his serious medical

needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

motion and Defendants have filed a reply.  For the reasons

discussed below, the Court grants the motion for summary judgment.

_____

      [1]Defendants Goodspeed and Krieger also have joined with the other
Alameda County Defendants in a motion to dismiss the complaint as a
sanction for Plaintiff's prior failure to appear and answer questions at
his deposition and to comply with discovery.  Because the Court grants
the motion for summary judgment, the motion to dismiss is DENIED as moot
as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

DISCUSSION

I.  STATEMENT OF FACTS

     The following statement of facts is based on the allegations in Plaintiff's complaint and amended complaints and declarations, and the declarations and evidence (including the transcript of Plaintiff's deposition) submitted by Defendants.  The facts are undisputed unless otherwise noted.

     Plaintiff was taken to Highland Hospital following his arrest on June 20, 1999, because of various injuries sustained from a fifty foot fall.  After receiving treatment, he was incarcerated at SRJ.  On October 19, 1999, he was transported from SRJ to the North County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was in a wheelchair and had a cast on his left arm.  At about 9:00 p.m. Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to the transportation port for the return trip to SRJ.

     The parties dispute what occurred next.  Plaintiff claims that the deputies used force against him for no reason, resulting in serious physical injury.  He alleges further that Dave Fife[2], a nurse practitioner at NCJ who had administered seizure medications to Plaintiff before the alleged assault, observed his obvious injuries following the assault but provided no medical care. Defendants claim that the use of force was necessary to control Plaintiff, who would not cooperate with their attempts to move him, and that he did not suffer serious injury.

_____

     [2]Dave Fife also is a Defendant in this action but he never responded to the Court's March 16, 2005, request for waiver of service and has not otherwise appeared in this matter.  Accordingly, this Order does not address the claims against Fife.

2

**United States District Court**
For the Northern District of California

Ultimately, Plaintiff was placed in restraints and returned to SRJ.  He alleges that when he arrived Defendants Goodspeed and Krieger, nurse practitioners on duty in the SRJ infirmary, and Deputy Shephard, who was also on duty in the infirmary at that time, observed his injuries but offered no assistance, even after he asked to see a doctor.  Plaintiff describes his injuries as follows: his arm cast was broken in two parts, his shirt was torn, his head was bruised, he was bleeding, and parts of his body were swollen.  See Am'd Compl. at 3-5, ¶¶(e)-(g).

Defendants' description of the course of events is somewhat different.  Relying on Plaintiff's deposition testimony, they maintain that just as he was being wheeled into his room by Deputy Shephard, Plaintiff turned around, glanced down a corridor, and saw a little, short Caucasian nurse practitioner with glasses and white hair.  Plaintiff said nothing to her.  Once inside the room, Plaintiff asked Deputy Shephard to see a doctor, but he saw no doctor that night.  Other than that request, Plaintiff made no requests for medical attention that night.  According to the declaration of SRJ nurse Moore, who checked on Plaintiff some time during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

II.  STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

3

United States District Court

For the Northern District of California

1   1987).

2        The moving party bears the burden of showing that there is no

3   material factual dispute.   Therefore, the Court must regard as true

4   the opposing party's evidence, if supported by affidavits or other

5   evidentiary material.   Celotex, 477 U.S. at 324; Eisenberg, 815

6   F.2d at 1289.   The Court must draw all reasonable inferences in

7   favor of the party against whom summary judgment is sought.

8   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

9   587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

10  1551, 1558 (9th Cir. 1991).

11       Material facts which would preclude entry of summary judgment

12  are those which, under applicable substantive law, may affect the

13  outcome of the case.   The substantive law will identify which facts

14  are material.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

15  (1986).   Where the moving party does not bear the burden of proof

16  on an issue at trial, the moving party may discharge its burden of

17  showing that no genuine issue of material fact remains by

18  demonstrating that "there is an absence of evidence to support the

19  nonmoving party's case."   Celotex, 477 U.S. at 325.   The burden

20  then shifts to the opposing party to produce "specific evidence,

21  through affidavits or admissible discovery material, to show that

22  the dispute exists."   Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409

23  (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).   A complete

24  failure of proof concerning an essential element of the non-moving

25  party's case necessarily renders all other facts immaterial.

26  Celotex, 477 U.S. at 323.

27

28                                    4

III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

United States District Court

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

1   create a triable issue as to whether his injuries amounted to a

2   serious medical need.

3        B.   Deliberate Indifference

4        A prison employee is deliberately indifferent if he or she

5   knows that a prisoner faces a substantial risk of serious harm and

6   disregards that risk by failing to take reasonable steps to abate

7   it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for

8   deliberate indifference to be established, there must be a

9   purposeful act or failure to act on the part of the defendant and

10  resulting harm.  McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd.

11  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

12  Deliberate indifference may appear when prison officials deny or

13  delay medical treatment.  McGuckin, 974 F.2d at 1062.  But mere

14  negligence or harassment related to medical problems is not enough

15  to make out a violation of the Eighth Amendment.  Franklin v.

16  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

17       Defendants assert that Plaintiff has not presented evidence

18  that they acted with deliberate indifference to his medical needs.

19  They point to following facts taken from Plaintiff's deposition

20  testimony and other evidence.

21       Plaintiff's assertion that a short, white-haired Caucasian

22  nurse practitioner was in the infirmary corridor when he was being

23  wheeled into his room is not probative of his claim because no

24  evidence shows that the nurse practitioner saw him, he never spoke

25  to her and he recalls no nurse coming anywhere near him that night,

26  and, even if she had seen him from down the corridor, no evidence

27  suggests she was aware he had any medical needs, let alone serious

28                                    7

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night. He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ. He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ. The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at the Santa Rita Jail booking section. Nurse Krieger had stated that Sloan's medical condition was such that he could stand and walk for short distances and set [sic] in either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary. Further, it

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

9

CONCLUSION

For the foregoing reasons, the Court orders as follows:

Defendants Goodspeed and Krieger's motion for summary judgment is GRANTED. (Docket no. 365.) The motion to dismiss the claims against them is DENIED as moot. (Docket no. 340.) The Clerk of the Court shall enter judgment in their favor when the case against the remaining Defendants is concluded. These Defendants shall bear their own costs.

IT IS SO ORDERED.

Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

10

United States District Court

For the Northern District of California

1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

JOHNNY L. SLOAN, JR.,                    )   No. C 00-4117 CW(PR)
                                         )
5          Plaintiff,                    )   ORDER GRANTING DEFENDANTS
                                         )   GOODSPEED AND KRIEGER'S
6     v.                                 )   MOTION FOR SUMMARY
                                         )   JUDGMENT AND DENYING AS
7  OAKLAND POLICE DEPARTMENT, et al., )   MOOT THEIR MOTION TO
                                         )   DISMISS
8          Defendants.                   )
                                         )
9  _____)   (Docket no. 340, 356)

10

11                          INTRODUCTION

12        Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

13   at High Desert State Prison, filed this pro se civil rights action

14   under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

15   includes numerous claims for relief.  The claims addressed in this

16   Order are those against Defendants Lisa Goodspeed and Cathy

17   Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

18   Defendants have moved for summary judgment on Plaintiff's claim

19   that they acted with deliberate indifference to his serious medical

20   needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

21   motion and Defendants have filed a reply.  For the reasons

22   discussed below, the Court grants the motion for summary judgment.

23

24

25   _____

26        [1]Defendants Goodspeed and Krieger also have joined with the other
     Alameda County Defendants in a motion to dismiss the complaint as a
27   sanction for Plaintiff's prior failure to appear and answer questions at
     his deposition and to comply with discovery.  Because the Court grants
28   the motion for summary judgment, the motion to dismiss is DENIED as moot
     as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

United States District Court

For the Northern District of California

1

DISCUSSION

2   I.   STATEMENT OF FACTS

3        The following statement of facts is based on the allegations

4   in Plaintiff's complaint and amended complaints and declarations,

5   and the declarations and evidence (including the transcript of

6   Plaintiff's deposition) submitted by Defendants.  The facts are

7   undisputed unless otherwise noted.

8        Plaintiff was taken to Highland Hospital following his arrest

9   on June 20, 1999, because of various injuries sustained from a

10  fifty foot fall.  After receiving treatment, he was incarcerated at

11  SRJ.  On October 19, 1999, he was transported from SRJ to the North

12  County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was

13  in a wheelchair and had a cast on his left arm.  At about 9:00 p.m.

14  Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to

15  the transportation port for the return trip to SRJ.

16       The parties dispute what occurred next.  Plaintiff claims that

17  the deputies used force against him for no reason, resulting in

18  serious physical injury.  He alleges further that Dave Fife[2], a

19  nurse practitioner at NCJ who had administered seizure medications

20  to Plaintiff before the alleged assault, observed his obvious

21  injuries following the assault but provided no medical care.

22  Defendants claim that the use of force was necessary to control

23  Plaintiff, who would not cooperate with their attempts to move him,

24  and that he did not suffer serious injury.

25

26       [2]Dave Fife also is a Defendant in this action but he never responded
    to the Court's March 16, 2005, request for waiver of service and has not
27  otherwise appeared in this matter.  Accordingly, this Order does not
    address the claims against Fife.

28

2

Ultimately, Plaintiff was placed in restraints and returned to SRJ.  He alleges that when he arrived Defendants Goodspeed and Krieger, nurse practitioners on duty in the SRJ infirmary, and Deputy Shephard, who was also on duty in the infirmary at that time, observed his injuries but offered no assistance, even after he asked to see a doctor.  Plaintiff describes his injuries as follows: his arm cast was broken in two parts, his shirt was torn, his head was bruised, he was bleeding, and parts of his body were swollen.  See Am'd Compl. at 3-5, ¶¶(e)-(g).

Defendants' description of the course of events is somewhat different.  Relying on Plaintiff's deposition testimony, they maintain that just as he was being wheeled into his room by Deputy Shephard, Plaintiff turned around, glanced down a corridor, and saw a little, short Caucasian nurse practitioner with glasses and white hair.  Plaintiff said nothing to her.  Once inside the room, Plaintiff asked Deputy Shephard to see a doctor, but he saw no doctor that night.  Other than that request, Plaintiff made no requests for medical attention that night.  According to the declaration of SRJ nurse Moore, who checked on Plaintiff some time during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

II.   STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

3

1   1987).

2       The moving party bears the burden of showing that there is no

3   material factual dispute.  Therefore, the Court must regard as true

4   the opposing party's evidence, if supported by affidavits or other

5   evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815

6   F.2d at 1289.  The Court must draw all reasonable inferences in

7   favor of the party against whom summary judgment is sought.

8   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

9   587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

10  1551, 1558 (9th Cir. 1991).

11      Material facts which would preclude entry of summary judgment

12  are those which, under applicable substantive law, may affect the

13  outcome of the case.  The substantive law will identify which facts

14  are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

15  (1986).  Where the moving party does not bear the burden of proof

16  on an issue at trial, the moving party may discharge its burden of

17  showing that no genuine issue of material fact remains by

18  demonstrating that "there is an absence of evidence to support the

19  nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden

20  then shifts to the opposing party to produce "specific evidence,

21  through affidavits or admissible discovery material, to show that

22  the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409

23  (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete

24  failure of proof concerning an essential element of the non-moving

25  party's case necessarily renders all other facts immaterial.

26  Celotex, 477 U.S. at 323.

27

28                                  4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

III.  ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

5

United States District Court

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw. Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar. Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut. He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

6

**United States District Court**

For the Northern District of California

1  create a triable issue as to whether his injuries amounted to a

2  serious medical need.

3      B.    Deliberate Indifference

4      A prison employee is deliberately indifferent if he or she

5  knows that a prisoner faces a substantial risk of serious harm and

6  disregards that risk by failing to take reasonable steps to abate

7  it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for

8  deliberate indifference to be established, there must be a

9  purposeful act or failure to act on the part of the defendant and

10  resulting harm.  McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd.

11  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

12  Deliberate indifference may appear when prison officials deny or

13  delay medical treatment.  McGuckin, 974 F.2d at 1062.  But mere

14  negligence or harassment related to medical problems is not enough

15  to make out a violation of the Eighth Amendment.  Franklin v.

16  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

17      Defendants assert that Plaintiff has not presented evidence

18  that they acted with deliberate indifference to his medical needs.

19  They point to following facts taken from Plaintiff's deposition

20  testimony and other evidence.

21      Plaintiff's assertion that a short, white-haired Caucasian

22  nurse practitioner was in the infirmary corridor when he was being

23  wheeled into his room is not probative of his claim because no

24  evidence shows that the nurse practitioner saw him, he never spoke

25  to her and he recalls no nurse coming anywhere near him that night,

26  and, even if she had seen him from down the corridor, no evidence

27  suggests she was aware he had any medical needs, let alone serious

28                                    7

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night.  He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ.  He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ.  The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at the Santa Rita Jail booking section.  Nurse Krieger had stated that Sloan's medical condition was such that he could stand and walk for short distances and set [sic] in either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary.  Further, it

8

**United States District Court**
For the Northern District of California

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

9

1

CONCLUSION

2        For the foregoing reasons, the Court orders as follows:

3        Defendants Goodspeed and Krieger's motion for summary judgment

4   is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims

5   against them is DENIED as moot.  (Docket no. 340.)  The Clerk of

6   the Court shall enter judgment in their favor when the case against

7   the remaining Defendants is concluded.  These Defendants shall bear

8   their own costs.

9        IT IS SO ORDERED.

10  Dated:  2/24/06

_____

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

10

United States District Court
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  JOHNNY L. SLOAN, JR.,                )    No. C 00-4117 CW(PR)
                                        )
5          Plaintiff,                   )    ORDER GRANTING DEFENDANTS
                                        )    GOODSPEED AND KRIEGER'S
6      v.                               )    MOTION FOR SUMMARY
                                        )    JUDGMENT AND DENYING AS
7  OAKLAND POLICE DEPARTMENT, et al.,   )    MOOT THEIR MOTION TO
                                        )    DISMISS
8          Defendants.                  )
                                        )    (Docket no. 340, 356)
9  _____  )

10

11                    INTRODUCTION

12         Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

13  at High Desert State Prison, filed this pro se civil rights action

14  under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

15  includes numerous claims for relief.  The claims addressed in this

16  Order are those against Defendants Lisa Goodspeed and Cathy

17  Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

18  Defendants have moved for summary judgment on Plaintiff's claim

19  that they acted with deliberate indifference to his serious medical

20  needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

21  motion and Defendants have filed a reply.  For the reasons

22  discussed below, the Court grants the motion for summary judgment.

23

24

25  _____

26         [1]Defendants Goodspeed and Krieger also have joined with the other
    Alameda County Defendants in a motion to dismiss the complaint as a
27  sanction for Plaintiff's prior failure to appear and answer questions at
    his deposition and to comply with discovery.  Because the Court grants
28  the motion for summary judgment, the motion to dismiss is DENIED as moot
    as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

United States District Court

For the Northern District of California

DISCUSSION

I.  STATEMENT OF FACTS

The following statement of facts is based on the allegations in Plaintiff's complaint and amended complaints and declarations, and the declarations and evidence (including the transcript of Plaintiff's deposition) submitted by Defendants.  The facts are undisputed unless otherwise noted.

Plaintiff was taken to Highland Hospital following his arrest on June 20, 1999, because of various injuries sustained from a fifty foot fall.  After receiving treatment, he was incarcerated at SRJ.  On October 19, 1999, he was transported from SRJ to the North County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was in a wheelchair and had a cast on his left arm.  At about 9:00 p.m. Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to the transportation port for the return trip to SRJ.

The parties dispute what occurred next.  Plaintiff claims that the deputies used force against him for no reason, resulting in serious physical injury.  He alleges further that Dave Fife[2], a nurse practitioner at NCJ who had administered seizure medications to Plaintiff before the alleged assault, observed his obvious injuries following the assault but provided no medical care. Defendants claim that the use of force was necessary to control Plaintiff, who would not cooperate with their attempts to move him, and that he did not suffer serious injury.

_____

[2]Dave Fife also is a Defendant in this action but he never responded to the Court's March 16, 2005, request for waiver of service and has not otherwise appeared in this matter.  Accordingly, this Order does not address the claims against Fife.

2

United States District Court

For the Northern District of California

1    Ultimately, Plaintiff was placed in restraints and returned to

2  SRJ.  He alleges that when he arrived Defendants Goodspeed and

3  Krieger, nurse practitioners on duty in the SRJ infirmary, and

4  Deputy Shephard, who was also on duty in the infirmary at that

5  time, observed his injuries but offered no assistance, even after

6  he asked to see a doctor.  Plaintiff describes his injuries as

7  follows: his arm cast was broken in two parts, his shirt was torn,

8  his head was bruised, he was bleeding, and parts of his body were

9  swollen.  <u>See</u> Am'd Compl. at 3-5, ¶¶(e)-(g).

10    Defendants' description of the course of events is somewhat

11  different.  Relying on Plaintiff's deposition testimony, they

12  maintain that just as he was being wheeled into his room by Deputy

13  Shephard, Plaintiff turned around, glanced down a corridor, and saw

14  a little, short Caucasian nurse practitioner with glasses and white

15  hair.  Plaintiff said nothing to her.  Once inside the room,

16  Plaintiff asked Deputy Shephard to see a doctor, but he saw no

17  doctor that night.  Other than that request, Plaintiff made no

18  requests for medical attention that night.  According to the

19  declaration of SRJ nurse Moore, who checked on Plaintiff some time

20  during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

21  II.  STANDARD OF REVIEW

22    Summary judgment is properly granted when no genuine and

23  disputed issues of material fact remain and when, viewing the

24  evidence most favorably to the non-moving party, the movant is

25  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

26  56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986);

27  <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir.

28                                    3

United States District Court

For the Northern District of California

1  1987).

2      The moving party bears the burden of showing that there is no
3  material factual dispute.  Therefore, the Court must regard as true
4  the opposing party's evidence, if supported by affidavits or other
5  evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
6  F.2d at 1289.  The Court must draw all reasonable inferences in
7  favor of the party against whom summary judgment is sought.
8  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
9  587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
10  1551, 1558 (9th Cir. 1991).

11      Material facts which would preclude entry of summary judgment
12  are those which, under applicable substantive law, may affect the
13  outcome of the case.  The substantive law will identify which facts
14  are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
15  (1986).  Where the moving party does not bear the burden of proof
16  on an issue at trial, the moving party may discharge its burden of
17  showing that no genuine issue of material fact remains by
18  demonstrating that "there is an absence of evidence to support the
19  nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden
20  then shifts to the opposing party to produce "specific evidence,
21  through affidavits or admissible discovery material, to show that
22  the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409
23  (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete
24  failure of proof concerning an essential element of the non-moving
25  party's case necessarily renders all other facts immaterial.
26  Celotex, 477 U.S. at 323.

27

28                                    4

III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

United States District Court

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

United States District Court

For the Northern District of California

create a triable issue as to whether his injuries amounted to a serious medical need.

   B.   Deliberate Indifference

   A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Deliberate indifference may appear when prison officials deny or delay medical treatment.  McGuckin, 974 F.2d at 1062.  But mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

   Defendants assert that Plaintiff has not presented evidence that they acted with deliberate indifference to his medical needs. They point to following facts taken from Plaintiff's deposition testimony and other evidence.

   Plaintiff's assertion that a short, white-haired Caucasian nurse practitioner was in the infirmary corridor when he was being wheeled into his room is not probative of his claim because no evidence shows that the nurse practitioner saw him, he never spoke to her and he recalls no nurse coming anywhere near him that night, and, even if she had seen him from down the corridor, no evidence suggests she was aware he had any medical needs, let alone serious

7

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night.  He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ.  He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ.  The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at the Santa Rita Jail booking section.  Nurse Krieger had stated that Sloan's medical condition was such that he could stand and walk for short distances and set [sic] in either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary.  Further, it

**United States District Court**

For the Northern District of California

1   indicates only that she was at SRJ while Plaintiff was still at

2   NCJ, and is not probative of whether she was still at SRJ when

3   Plaintiff arrived.  Nor does the report shed any light as to

4   whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether

5   she saw Plaintiff.

6       Finally, even if the nurses were in the SRJ infirmary when

7   Plaintiff arrived, Defendants point to the lack of evidence to

8   support an inference that he suffered harm from the alleged lack of

9   care.

10      Plaintiff has presented no evidence in opposition to the

11  motion to summary judgment.  He renews his ongoing claim that

12  prison officials at High Desert State Prison are preventing him

13  from litigating his action and that he has not been afforded

14  adequate discovery by the Court.  The Court rejects these

15  arguments.  The record is replete with examples of Plaintiff's more

16  than ample ability to prosecute his action and his access to

17  discovery procedures.

18      Plaintiff has not borne his burden of producing specific

19  evidence to show that a material dispute exists regarding whether

20  Nurses Goodspeed and Krieger acted with deliberate indifference to

21  his serious medical needs.  Accordingly, the motion for summary

22  judgment is GRANTED.

23  //

24  //

25  //

26  //

27  //

28                                      9

**United States District Court**
For the Northern District of California

1

CONCLUSION

2      For the foregoing reasons, the Court orders as follows:

3      Defendants Goodspeed and Krieger's motion for summary judgment

4 is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims

5 against them is DENIED as moot.  (Docket no. 340.)  The Clerk of

6 the Court shall enter judgment in their favor when the case against

7 the remaining Defendants is concluded.  These Defendants shall bear

8 their own costs.

9      IT IS SO ORDERED.

10 Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SLOAN, JR., | No. C 00-4117 CW(PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS |
| | GOODSPEED AND KRIEGER'S |
| v. | MOTION FOR SUMMARY |
| | JUDGMENT AND DENYING AS |
| OAKLAND POLICE DEPARTMENT, et al., | MOOT THEIR MOTION TO |
| | DISMISS |
| Defendants. | |
| | (Docket no. 340, 356) |

INTRODUCTION

Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated at High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 on November 7, 2000. Plaintiff's suit includes numerous claims for relief. The claims addressed in this Order are those against Defendants Lisa Goodspeed and Cathy Krieger, nurses at Alameda County's Santa Rita Jail (SRJ). Defendants have moved for summary judgment on Plaintiff's claim that they acted with deliberate indifference to his serious medical needs when he was incarcerated at SRJ.[1] Plaintiff has opposed the motion and Defendants have filed a reply. For the reasons discussed below, the Court grants the motion for summary judgment.

---

[1] Defendants Goodspeed and Krieger also have joined with the other Alameda County Defendants in a motion to dismiss the complaint as a sanction for Plaintiff's prior failure to appear and answer questions at his deposition and to comply with discovery. Because the Court grants the motion for summary judgment, the motion to dismiss is DENIED as moot as to Defendants Goodspeed and Krieger. (Docket no. 340.)

**United States District Court**
For the Northern District of California

DISCUSSION

I.  STATEMENT OF FACTS

The following statement of facts is based on the allegations in Plaintiff's complaint and amended complaints and declarations, and the declarations and evidence (including the transcript of Plaintiff's deposition) submitted by Defendants.  The facts are undisputed unless otherwise noted.

Plaintiff was taken to Highland Hospital following his arrest on June 20, 1999, because of various injuries sustained from a fifty foot fall.  After receiving treatment, he was incarcerated at SRJ.  On October 19, 1999, he was transported from SRJ to the North County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was in a wheelchair and had a cast on his left arm.  At about 9:00 p.m. Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to the transportation port for the return trip to SRJ.

The parties dispute what occurred next.  Plaintiff claims that the deputies used force against him for no reason, resulting in serious physical injury.  He alleges further that Dave Fife[2], a nurse practitioner at NCJ who had administered seizure medications to Plaintiff before the alleged assault, observed his obvious injuries following the assault but provided no medical care. Defendants claim that the use of force was necessary to control Plaintiff, who would not cooperate with their attempts to move him, and that he did not suffer serious injury.

---

[2]Dave Fife also is a Defendant in this action but he never responded to the Court's March 16, 2005, request for waiver of service and has not otherwise appeared in this matter.  Accordingly, this Order does not address the claims against Fife.

2

**United States District Court**
For the Northern District of California

1    Ultimately, Plaintiff was placed in restraints and returned to

2    SRJ.  He alleges that when he arrived Defendants Goodspeed and

3    Krieger, nurse practitioners on duty in the SRJ infirmary, and

4    Deputy Shephard, who was also on duty in the infirmary at that

5    time, observed his injuries but offered no assistance, even after

6    he asked to see a doctor.  Plaintiff describes his injuries as

7    follows: his arm cast was broken in two parts, his shirt was torn,

8    his head was bruised, he was bleeding, and parts of his body were

9    swollen.  See Am'd Compl. at 3-5, ¶¶(e)-(g).

10    Defendants' description of the course of events is somewhat

11    different.  Relying on Plaintiff's deposition testimony, they

12    maintain that just as he was being wheeled into his room by Deputy

13    Shephard, Plaintiff turned around, glanced down a corridor, and saw

14    a little, short Caucasian nurse practitioner with glasses and white

15    hair.  Plaintiff said nothing to her.  Once inside the room,

16    Plaintiff asked Deputy Shephard to see a doctor, but he saw no

17    doctor that night.  Other than that request, Plaintiff made no

18    requests for medical attention that night.  According to the

19    declaration of SRJ nurse Moore, who checked on Plaintiff some time

20    during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

21    II.  STANDARD OF REVIEW

22    Summary judgment is properly granted when no genuine and

23    disputed issues of material fact remain and when, viewing the

24    evidence most favorably to the non-moving party, the movant is

25    clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

26    56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

27    Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

28

3

1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289.  The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 323.

United States District Court

For the Northern District of California

4

**United States District Court**
For the Northern District of California

III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. <u>Id.</u> at 1059.

A.   <u>Serious Medical Need</u>

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Id.</u> (citing <u>Estelle</u>, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. <u>Id.</u> at 1059-60 (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

5

**United States District Court**

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

1  create a triable issue as to whether his injuries amounted to a

2  serious medical need.

3       B.   <u>Deliberate Indifference</u>

4       A prison employee is deliberately indifferent if he or she

5  knows that a prisoner faces a substantial risk of serious harm and

6  disregards that risk by failing to take reasonable steps to abate

7  it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). In order for

8  deliberate indifference to be established, there must be a

9  purposeful act or failure to act on the part of the defendant and

10  resulting harm. <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd.</u>

11  <u>of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

12  Deliberate indifference may appear when prison officials deny or

13  delay medical treatment. <u>McGuckin</u>, 974 F.2d at 1062. But mere

14  negligence or harassment related to medical problems is not enough

15  to make out a violation of the Eighth Amendment. <u>Franklin v.</u>

16  <u>Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

17       Defendants assert that Plaintiff has not presented evidence

18  that they acted with deliberate indifference to his medical needs.

19  They point to following facts taken from Plaintiff's deposition

20  testimony and other evidence.

21       Plaintiff's assertion that a short, white-haired Caucasian

22  nurse practitioner was in the infirmary corridor when he was being

23  wheeled into his room is not probative of his claim because no

24  evidence shows that the nurse practitioner saw him, he never spoke

25  to her and he recalls no nurse coming anywhere near him that night,

26  and, even if she had seen him from down the corridor, no evidence

27  suggests she was aware he had any medical needs, let alone serious

**United States District Court**

For the Northern District of California

28                          7

1  medical needs.

2      Plaintiff has presented no evidence that Defendants Goodspeed

3  or Krieger saw him that night.  He testified at his deposition that

4  he does not know what either of them looks like, he does not know

5  whether either saw him at all that night, and he does not know

6  whether they even were on duty when he returned to SRJ.  He further

7  testified that the only reason he named these two nurses as

8  Defendants is because their names were listed on a sheet of paper

9  that he received regarding what happened at NCJ.  The sheet of

10 paper in question is a report in which Sgt. Kimmel, who was on duty

11 as the Watch Sergeant at NCJ on the date of Plaintiff's interaction

12 with the deputies, states that he spoke to NCJ Nurse Fife about

13 where Plaintiff should be housed if he could not return to SRJ, and

14 Fife told him,

15         that he had contacted Nurse C. Krieger, the duty Nurse at
           the Santa Rita Jail booking section.  Nurse Krieger had
16         stated that Sloan's medical condition was such that he
           could stand and walk for short distances and set [sic] in
17         either chairs or vehicle seats with no difficulty.

18 Def. Ex. C.

19     With reference to Nurse Goodspeed, Sgt. Kimmel stated that he

20 had contacted her five days later, on October 24, 1999, and she

21 told him that Plaintiff was cleared to walk and sit normally, and

22 in fact was required to walk daily according to doctor's orders.

23     Defendants maintain that the statements in the report are

24 inadmissible hearsay, but even if they are not, they do not support

25 Plaintiff's theory that Nurse Krieger was the nurse he saw in the

26 corridor, because the report indicates that Nurse Krieger was

27 working in the booking section, not in the infirmary.  Further, it

28                                 8

United States District Court

For the Northern District of California

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

9

1

CONCLUSION

2      For the foregoing reasons, the Court orders as follows:

3      Defendants Goodspeed and Krieger's motion for summary judgment

4  is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims

5  against them is DENIED as moot.  (Docket no. 340.)  The Clerk of

6  the Court shall enter judgment in their favor when the case against

7  the remaining Defendants is concluded.  These Defendants shall bear

8  their own costs.

9      IT IS SO ORDERED.

10 Dated: 2/24/06

*Claudia Wilken*

11                                        _____

12                                        CLAUDIA WILKEN
                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10

**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    JOHNNY L. SLOAN, JR.,            )    No. C 00-4117 CW(PR)
                                      )
5            Plaintiff,               )    ORDER GRANTING DEFENDANTS
                                      )    GOODSPEED AND KRIEGER'S
6       v.                            )    MOTION FOR SUMMARY
                                      )    JUDGMENT AND DENYING AS
7    OAKLAND POLICE DEPARTMENT, et al.,)   MOOT THEIR MOTION TO
                                      )    DISMISS
8            Defendants.              )
                                      )    (Docket no. 340, 356)
9    _____)

10

11                        INTRODUCTION

12       Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

13   at High Desert State Prison, filed this pro se civil rights action

14   under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

15   includes numerous claims for relief.  The claims addressed in this

16   Order are those against Defendants Lisa Goodspeed and Cathy

17   Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

18   Defendants have moved for summary judgment on Plaintiff's claim

19   that they acted with deliberate indifference to his serious medical

20   needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

21   motion and Defendants have filed a reply.  For the reasons

22   discussed below, the Court grants the motion for summary judgment.

23

24

25   _____

26       [1]Defendants Goodspeed and Krieger also have joined with the other
     Alameda County Defendants in a motion to dismiss the complaint as a
27   sanction for Plaintiff's prior failure to appear and answer questions at
     his deposition and to comply with discovery.  Because the Court grants
28   the motion for summary judgment, the motion to dismiss is DENIED as moot
     as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

United States District Court

For the Northern District of California

DISCUSSION

I.   STATEMENT OF FACTS

       The following statement of facts is based on the allegations in Plaintiff's complaint and amended complaints and declarations, and the declarations and evidence (including the transcript of Plaintiff's deposition) submitted by Defendants.   The facts are undisputed unless otherwise noted.

       Plaintiff was taken to Highland Hospital following his arrest on June 20, 1999, because of various injuries sustained from a fifty foot fall.   After receiving treatment, he was incarcerated at SRJ.   On October 19, 1999, he was transported from SRJ to the North County Jail (NCJ) in Oakland for a court appearance.   Plaintiff was in a wheelchair and had a cast on his left arm.   At about 9:00 p.m. Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to the transportation port for the return trip to SRJ.

       The parties dispute what occurred next.   Plaintiff claims that the deputies used force against him for no reason, resulting in serious physical injury.   He alleges further that Dave Fife[2], a nurse practitioner at NCJ who had administered seizure medications to Plaintiff before the alleged assault, observed his obvious injuries following the assault but provided no medical care. Defendants claim that the use of force was necessary to control Plaintiff, who would not cooperate with their attempts to move him, and that he did not suffer serious injury.

_____

       [2]Dave Fife also is a Defendant in this action but he never responded to the Court's March 16, 2005, request for waiver of service and has not otherwise appeared in this matter.   Accordingly, this Order does not address the claims against Fife.

2

Ultimately, Plaintiff was placed in restraints and returned to SRJ. He alleges that when he arrived Defendants Goodspeed and Krieger, nurse practitioners on duty in the SRJ infirmary, and Deputy Shephard, who was also on duty in the infirmary at that time, observed his injuries but offered no assistance, even after he asked to see a doctor. Plaintiff describes his injuries as follows: his arm cast was broken in two parts, his shirt was torn, his head was bruised, he was bleeding, and parts of his body were swollen. <u>See</u> Am'd Compl. at 3-5, ¶¶(e)-(g).

Defendants' description of the course of events is somewhat different. Relying on Plaintiff's deposition testimony, they maintain that just as he was being wheeled into his room by Deputy Shephard, Plaintiff turned around, glanced down a corridor, and saw a little, short Caucasian nurse practitioner with glasses and white hair. Plaintiff said nothing to her. Once inside the room, Plaintiff asked Deputy Shephard to see a doctor, but he saw no doctor that night. Other than that request, Plaintiff made no requests for medical attention that night. According to the declaration of SRJ nurse Moore, who checked on Plaintiff some time during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

II.  STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir.

3

1   1987).

2       The moving party bears the burden of showing that there is no
3   material factual dispute.  Therefore, the Court must regard as true
4   the opposing party's evidence, if supported by affidavits or other
5   evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
6   F.2d at 1289.  The Court must draw all reasonable inferences in
7   favor of the party against whom summary judgment is sought.
8   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
9   587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
10  1551, 1558 (9th Cir. 1991).

11      Material facts which would preclude entry of summary judgment
12  are those which, under applicable substantive law, may affect the
13  outcome of the case.  The substantive law will identify which facts
14  are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
15  (1986).  Where the moving party does not bear the burden of proof
16  on an issue at trial, the moving party may discharge its burden of
17  showing that no genuine issue of material fact remains by
18  demonstrating that "there is an absence of evidence to support the
19  nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden
20  then shifts to the opposing party to produce "specific evidence,
21  through affidavits or admissible discovery material, to show that
22  the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409
23  (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete
24  failure of proof concerning an essential element of the non-moving
25  party's case necessarily renders all other facts immaterial.
26  Celotex, 477 U.S. at 323.

27

28                                  4

United States District Court
For the Northern District of California

III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

5

United States District Court

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

6

1  create a triable issue as to whether his injuries amounted to a

2  serious medical need.

3        B.    <u>Deliberate Indifference</u>

4        A prison employee is deliberately indifferent if he or she

5  knows that a prisoner faces a substantial risk of serious harm and

6  disregards that risk by failing to take reasonable steps to abate

7  it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  In order for

8  deliberate indifference to be established, there must be a

9  purposeful act or failure to act on the part of the defendant and

10  resulting harm.  <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd.</u>

11  <u>of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

12  Deliberate indifference may appear when prison officials deny or

13  delay medical treatment.  <u>McGuckin</u>, 974 F.2d at 1062.  But mere

14  negligence or harassment related to medical problems is not enough

15  to make out a violation of the Eighth Amendment.  <u>Franklin v.</u>

16  <u>Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

17        Defendants assert that Plaintiff has not presented evidence

18  that they acted with deliberate indifference to his medical needs.

19  They point to following facts taken from Plaintiff's deposition

20  testimony and other evidence.

21        Plaintiff's assertion that a short, white-haired Caucasian

22  nurse practitioner was in the infirmary corridor when he was being

23  wheeled into his room is not probative of his claim because no

24  evidence shows that the nurse practitioner saw him, he never spoke

25  to her and he recalls no nurse coming anywhere near him that night,

26  and, even if she had seen him from down the corridor, no evidence

27  suggests she was aware he had any medical needs, let alone serious

28                                    7

United States District Court

For the Northern District of California

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night.  He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ.  He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ.  The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at
> the Santa Rita Jail booking section.  Nurse Krieger had
> stated that Sloan's medical condition was such that he
> could stand and walk for short distances and set [sic] in
> either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary.  Further, it

**United States District Court**

For the Northern District of California

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

9

1

CONCLUSION

2        For the foregoing reasons, the Court orders as follows:

3        Defendants Goodspeed and Krieger's motion for summary judgment

4   is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims

5   against them is DENIED as moot.  (Docket no. 340.)  The Clerk of

6   the Court shall enter judgment in their favor when the case against

7   the remaining Defendants is concluded.  These Defendants shall bear

8   their own costs.

9        IT IS SO ORDERED.

10  Dated: 2/24/06

11

12                                   CLAUDIA WILKEN
                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10

United States District Court

For the Northern District of California

1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

JOHNNY L. SLOAN, JR.,                )   No. C 00-4117 CW(PR)
                                     )
5            Plaintiff,              )   ORDER GRANTING DEFENDANTS
                                     )   GOODSPEED AND KRIEGER'S
6       v.                           )   MOTION FOR SUMMARY
                                     )   JUDGMENT AND DENYING AS
7   OAKLAND POLICE DEPARTMENT, et al.,)   MOOT THEIR MOTION TO
                                     )   DISMISS
8            Defendants.             )
                                     )   (Docket no. 340, 356)
9   _____ )

10

11                          INTRODUCTION

12       Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated

13   at High Desert State Prison, filed this pro se civil rights action

14   under 42 U.S.C. § 1983 on November 7, 2000.  Plaintiff's suit

15   includes numerous claims for relief.  The claims addressed in this

16   Order are those against Defendants Lisa Goodspeed and Cathy

17   Krieger, nurses at Alameda County's Santa Rita Jail (SRJ).

18   Defendants have moved for summary judgment on Plaintiff's claim

19   that they acted with deliberate indifference to his serious medical

20   needs when he was incarcerated at SRJ.[1]  Plaintiff has opposed the

21   motion and Defendants have filed a reply.  For the reasons

22   discussed below, the Court grants the motion for summary judgment.

23

24

25   _____

26        [1]Defendants Goodspeed and Krieger also have joined with the other
     Alameda County Defendants in a motion to dismiss the complaint as a
27   sanction for Plaintiff's prior failure to appear and answer questions at
     his deposition and to comply with discovery.  Because the Court grants
28   the motion for summary judgment, the motion to dismiss is DENIED as moot
     as to Defendants Goodspeed and Krieger.  (Docket no. 340.)

**United States District Court**
For the Northern District of California

1

DISCUSSION

2 I.  STATEMENT OF FACTS

3        The following statement of facts is based on the allegations

4 in Plaintiff's complaint and amended complaints and declarations,

5 and the declarations and evidence (including the transcript of

6 Plaintiff's deposition) submitted by Defendants.  The facts are

7 undisputed unless otherwise noted.

8        Plaintiff was taken to Highland Hospital following his arrest

9 on June 20, 1999, because of various injuries sustained from a

10 fifty foot fall.  After receiving treatment, he was incarcerated at

11 SRJ.  On October 19, 1999, he was transported from SRJ to the North

12 County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was

13 in a wheelchair and had a cast on his left arm.  At about 9:00 p.m.

14 Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to

15 the transportation port for the return trip to SRJ.

16        The parties dispute what occurred next.  Plaintiff claims that

17 the deputies used force against him for no reason, resulting in

18 serious physical injury.  He alleges further that Dave Fife[2], a

19 nurse practitioner at NCJ who had administered seizure medications

20 to Plaintiff before the alleged assault, observed his obvious

21 injuries following the assault but provided no medical care.

22 Defendants claim that the use of force was necessary to control

23 Plaintiff, who would not cooperate with their attempts to move him,

24 and that he did not suffer serious injury.

25 _____

26        [2]Dave Fife also is a Defendant in this action but he never responded
   to the Court's March 16, 2005, request for waiver of service and has not
27 otherwise appeared in this matter.  Accordingly, this Order does not
   address the claims against Fife.

28
                                    2

United States District Court

For the Northern District of California

1    Ultimately, Plaintiff was placed in restraints and returned to

2    SRJ.  He alleges that when he arrived Defendants Goodspeed and

3    Krieger, nurse practitioners on duty in the SRJ infirmary, and

4    Deputy Shephard, who was also on duty in the infirmary at that

5    time, observed his injuries but offered no assistance, even after

6    he asked to see a doctor.  Plaintiff describes his injuries as

7    follows: his arm cast was broken in two parts, his shirt was torn,

8    his head was bruised, he was bleeding, and parts of his body were

9    swollen.  See Am'd Compl. at 3-5, ¶¶(e)-(g).

10    Defendants' description of the course of events is somewhat

11    different.  Relying on Plaintiff's deposition testimony, they

12    maintain that just as he was being wheeled into his room by Deputy

13    Shephard, Plaintiff turned around, glanced down a corridor, and saw

14    a little, short Caucasian nurse practitioner with glasses and white

15    hair.  Plaintiff said nothing to her.  Once inside the room,

16    Plaintiff asked Deputy Shephard to see a doctor, but he saw no

17    doctor that night.  Other than that request, Plaintiff made no

18    requests for medical attention that night.  According to the

19    declaration of SRJ nurse Moore, who checked on Plaintiff some time

20    during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

21    II.  STANDARD OF REVIEW

22    Summary judgment is properly granted when no genuine and

23    disputed issues of material fact remain and when, viewing the

24    evidence most favorably to the non-moving party, the movant is

25    clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

26    56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

27    Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

28
                                      3

United States District Court

For the Northern District of California

1    1987).

2         The moving party bears the burden of showing that there is no

3    material factual dispute.  Therefore, the Court must regard as true

4    the opposing party's evidence, if supported by affidavits or other

5    evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815

6    F.2d at 1289.  The Court must draw all reasonable inferences in

7    favor of the party against whom summary judgment is sought.

8    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

9    587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

10   1551, 1558 (9th Cir. 1991).

11        Material facts which would preclude entry of summary judgment

12   are those which, under applicable substantive law, may affect the

13   outcome of the case.  The substantive law will identify which facts

14   are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

15   (1986).  Where the moving party does not bear the burden of proof

16   on an issue at trial, the moving party may discharge its burden of

17   showing that no genuine issue of material fact remains by

18   demonstrating that "there is an absence of evidence to support the

19   nonmoving party's case."  Celotex, 477 U.S. at 325.  The burden

20   then shifts to the opposing party to produce "specific evidence,

21   through affidavits or admissible discovery material, to show that

22   the dispute exists."  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409

23   (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete

24   failure of proof concerning an essential element of the non-moving

25   party's case necessarily renders all other facts immaterial.

26   Celotex, 477 U.S. at 323.

27

28                                  4

III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

A.   Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In his deposition, Plaintiff stated that he suffered the following injuries after being assaulted by NCJ deputies:

(1) He had a knot or big lump about the size of a silver dollar on his head.

(2) He had blood on his feet (which were bare) from being

5

United States District Court

For the Northern District of California

dragged by the deputies, and blood was trickling from his head.

(3) His arm was hurting and his long arm cast was broken in two at the forearm.

(4) His wrist was swollen from the handcuffs.

(5) His face hurt from being hit in the jaw.  Def. Ex. G at 50-54.

Defendants contest the serious nature of Plaintiff's medical needs by relying on Plaintiff's deposition testimony and other evidence as follows:

(1) The knot on his head was small, only the size of silver dollar.  Plaintiff could only speculate whether the knot bled, and the bleeding stopped of its own accord, which indicates that it was not a serious injury.

(2) They characterize Plaintiff's foot injury as a "scraped toe," which cannot constitute an urgent medical need.

(3) Although Plaintiff's arm cast was damaged it was not broken off and Plaintiff did not testify, nor has he alleged, that his arm was injured.

(4) Although Plaintiff testified that his wrists were swollen from the handcuffs, in his amended complaint he previously identified the only wrist-related injury as a cut.  He did not testify or allege that either the cut or swelling was significant.

(5) The medical progress notes written by Nurse Moore state that Plaintiff denied discomfort when she checked on him in the hours after he returned to the SRJ infirmary, as do the notes recorded by medical staff through October 22, 1999.

The Court finds Plaintiff has presented sufficient evidence to

6

create a triable issue as to whether his injuries amounted to a serious medical need.

B.    <u>Deliberate Indifference</u>

A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Deliberate indifference may appear when prison officials deny or delay medical treatment.  <u>McGuckin</u>, 974 F.2d at 1062.  But mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment.  <u>Franklin v. Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendants assert that Plaintiff has not presented evidence that they acted with deliberate indifference to his medical needs. They point to following facts taken from Plaintiff's deposition testimony and other evidence.

Plaintiff's assertion that a short, white-haired Caucasian nurse practitioner was in the infirmary corridor when he was being wheeled into his room is not probative of his claim because no evidence shows that the nurse practitioner saw him, he never spoke to her and he recalls no nurse coming anywhere near him that night, and, even if she had seen him from down the corridor, no evidence suggests she was aware he had any medical needs, let alone serious

United States District Court

For the Northern District of California

medical needs.

Plaintiff has presented no evidence that Defendants Goodspeed or Krieger saw him that night. He testified at his deposition that he does not know what either of them looks like, he does not know whether either saw him at all that night, and he does not know whether they even were on duty when he returned to SRJ. He further testified that the only reason he named these two nurses as Defendants is because their names were listed on a sheet of paper that he received regarding what happened at NCJ. The sheet of paper in question is a report in which Sgt. Kimmel, who was on duty as the Watch Sergeant at NCJ on the date of Plaintiff's interaction with the deputies, states that he spoke to NCJ Nurse Fife about where Plaintiff should be housed if he could not return to SRJ, and Fife told him,

> that he had contacted Nurse C. Krieger, the duty Nurse at
> the Santa Rita Jail booking section. Nurse Krieger had
> stated that Sloan's medical condition was such that he
> could stand and walk for short distances and set [sic] in
> either chairs or vehicle seats with no difficulty.

Def. Ex. C.

With reference to Nurse Goodspeed, Sgt. Kimmel stated that he had contacted her five days later, on October 24, 1999, and she told him that Plaintiff was cleared to walk and sit normally, and in fact was required to walk daily according to doctor's orders.

Defendants maintain that the statements in the report are inadmissible hearsay, but even if they are not, they do not support Plaintiff's theory that Nurse Krieger was the nurse he saw in the corridor, because the report indicates that Nurse Krieger was working in the booking section, not in the infirmary. Further, it

United States District Court

For the Northern District of California

indicates only that she was at SRJ while Plaintiff was still at NCJ, and is not probative of whether she was still at SRJ when Plaintiff arrived.  Nor does the report shed any light as to whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether she saw Plaintiff.

Finally, even if the nurses were in the SRJ infirmary when Plaintiff arrived, Defendants point to the lack of evidence to support an inference that he suffered harm from the alleged lack of care.

Plaintiff has presented no evidence in opposition to the motion to summary judgment.  He renews his ongoing claim that prison officials at High Desert State Prison are preventing him from litigating his action and that he has not been afforded adequate discovery by the Court.  The Court rejects these arguments.  The record is replete with examples of Plaintiff's more than ample ability to prosecute his action and his access to discovery procedures.

Plaintiff has not borne his burden of producing specific evidence to show that a material dispute exists regarding whether Nurses Goodspeed and Krieger acted with deliberate indifference to his serious medical needs.  Accordingly, the motion for summary judgment is GRANTED.

//

//

//

//

//

9

CONCLUSION

For the foregoing reasons, the Court orders as follows:

Defendants Goodspeed and Krieger's motion for summary judgment is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims against them is DENIED as moot.  (Docket no. 340.)  The Clerk of the Court shall enter judgment in their favor when the case against the remaining Defendants is concluded.  These Defendants shall bear their own costs.

IT IS SO ORDERED.

Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

10

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNY L. SLOAN, JR.,

        Plaintiff,

  v.

OAKLAND POLICE DEPARTMENT, et al.,

        Defendants.

No. C 00-4117 CW(PR)

ORDER GRANTING DEFENDANTS
GOODSPEED AND KRIEGER'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING AS
MOOT THEIR MOTION TO
DISMISS

(Docket no. 340, 356)

INTRODUCTION

Plaintiff Johnny L. Sloan, Jr., a State prisoner incarcerated at High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 on November 7, 2000. Plaintiff's suit includes numerous claims for relief. The claims addressed in this Order are those against Defendants Lisa Goodspeed and Cathy Krieger, nurses at Alameda County's Santa Rita Jail (SRJ). Defendants have moved for summary judgment on Plaintiff's claim that they acted with deliberate indifference to his serious medical needs when he was incarcerated at SRJ.[1] Plaintiff has opposed the motion and Defendants have filed a reply. For the reasons discussed below, the Court grants the motion for summary judgment.

---

[1]Defendants Goodspeed and Krieger also have joined with the other Alameda County Defendants in a motion to dismiss the complaint as a sanction for Plaintiff's prior failure to appear and answer questions at his deposition and to comply with discovery. Because the Court grants the motion for summary judgment, the motion to dismiss is DENIED as moot as to Defendants Goodspeed and Krieger. (Docket no. 340.)

1                              DISCUSSION

2  I.  STATEMENT OF FACTS

3      The following statement of facts is based on the allegations

4  in Plaintiff's complaint and amended complaints and declarations,

5  and the declarations and evidence (including the transcript of

6  Plaintiff's deposition) submitted by Defendants.  The facts are

7  undisputed unless otherwise noted.

8      Plaintiff was taken to Highland Hospital following his arrest

9  on June 20, 1999, because of various injuries sustained from a

10 fifty foot fall.  After receiving treatment, he was incarcerated at

11 SRJ.  On October 19, 1999, he was transported from SRJ to the North

12 County Jail (NCJ) in Oakland for a court appearance.  Plaintiff was

13 in a wheelchair and had a cast on his left arm.  At about 9:00 p.m.

14 Deputies Jensen, Hoos and Martinez rolled Plaintiff's wheelchair to

15 the transportation port for the return trip to SRJ.

16     The parties dispute what occurred next.  Plaintiff claims that

17 the deputies used force against him for no reason, resulting in

18 serious physical injury.  He alleges further that Dave Fife[2], a

19 nurse practitioner at NCJ who had administered seizure medications

20 to Plaintiff before the alleged assault, observed his obvious

21 injuries following the assault but provided no medical care.

22 Defendants claim that the use of force was necessary to control

23 Plaintiff, who would not cooperate with their attempts to move him,

24 and that he did not suffer serious injury.

25 ───────────────

26     [2]Dave Fife also is a Defendant in this action but he never responded
   to the Court's March 16, 2005, request for waiver of service and has not
27 otherwise appeared in this matter.  Accordingly, this Order does not
   address the claims against Fife.

28                                 2

United States District Court

For the Northern District of California

1    Ultimately, Plaintiff was placed in restraints and returned to

2  SRJ.  He alleges that when he arrived Defendants Goodspeed and

3  Krieger, nurse practitioners on duty in the SRJ infirmary, and

4  Deputy Shephard, who was also on duty in the infirmary at that

5  time, observed his injuries but offered no assistance, even after

6  he asked to see a doctor.  Plaintiff describes his injuries as

7  follows: his arm cast was broken in two parts, his shirt was torn,

8  his head was bruised, he was bleeding, and parts of his body were

9  swollen.  <u>See</u> Am'd Compl. at 3-5, ¶¶(e)-(g).

10    Defendants' description of the course of events is somewhat

11  different.  Relying on Plaintiff's deposition testimony, they

12  maintain that just as he was being wheeled into his room by Deputy

13  Shephard, Plaintiff turned around, glanced down a corridor, and saw

14  a little, short Caucasian nurse practitioner with glasses and white

15  hair.  Plaintiff said nothing to her.  Once inside the room,

16  Plaintiff asked Deputy Shephard to see a doctor, but he saw no

17  doctor that night.  Other than that request, Plaintiff made no

18  requests for medical attention that night.  According to the

19  declaration of SRJ nurse Moore, who checked on Plaintiff some time

20  during her 11:00 p.m. to 7:00 a.m. shift, he denied discomfort.

21  II.  STANDARD OF REVIEW

22    Summary judgment is properly granted when no genuine and

23  disputed issues of material fact remain and when, viewing the

24  evidence most favorably to the non-moving party, the movant is

25  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

26  56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986);

27  <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir.

28                                3

1   1987).

2       The moving party bears the burden of showing that there is no
3   material factual dispute.   Therefore, the Court must regard as true
4   the opposing party's evidence, if supported by affidavits or other
5   evidentiary material.   Celotex, 477 U.S. at 324; Eisenberg, 815
6   F.2d at 1289.   The Court must draw all reasonable inferences in
7   favor of the party against whom summary judgment is sought.
8   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
9   587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
10  1551, 1558 (9th Cir. 1991).

11      Material facts which would preclude entry of summary judgment
12  are those which, under applicable substantive law, may affect the
13  outcome of the case.   The substantive law will identify which facts
14  are material.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
15  (1986).   Where the moving party does not bear the burden of proof
16  on an issue at trial, the moving party may discharge its burden of
17  showing that no genuine issue of material fact remains by
18  demonstrating that "there is an absence of evidence to support the
19  nonmoving party's case." Celotex, 477 U.S. at 325.   The burden
20  then shifts to the opposing party to produce "specific evidence,
21  through affidavits or admissible discovery material, to show that
22  the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409
23  (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).   A complete
24  failure of proof concerning an essential element of the non-moving
25  party's case necessarily renders all other facts immaterial.
26  Celotex, 477 U.S. at 323.

27

28                                  4

United States District Court

For the Northern District of California

1  III.  ANALYSIS

2      Deliberate indifference to serious medical needs violates the

3  Eighth Amendment's proscription against cruel and unusual

4  punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin

5  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

6  grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136

7  (9th Cir. 1997) (en banc).  A determination of "deliberate

8  indifference" involves an examination of two elements: the

9  seriousness of the prisoner's medical need and the nature of the

10  defendant's response to that need.  Id. at 1059.

11      A.   Serious Medical Need

12      A serious medical need exists if the failure to treat a

13  prisoner's condition could result in further significant injury or

14  the "unnecessary and wanton infliction of pain."  Id. (citing

15  Estelle, 429 U.S. at 104).  The existence of an injury that a

16  reasonable doctor or patient would find important and worthy of

17  comment or treatment; the presence of a medical condition that

18  significantly affects an individual's daily activities; or the

19  existence of chronic and substantial pain are examples of

20  indications that a prisoner has a serious need for medical

21  treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d

22  1332, 1337-41 (9th Cir. 1990)).

23      In his deposition, Plaintiff stated that he suffered the

24  following injuries after being assaulted by NCJ deputies:

25      (1) He had a knot or big lump about the size of a silver

26  dollar on his head.

27      (2) He had blood on his feet (which were bare) from being

28                                5

1  dragged by the deputies, and blood was trickling from his head.

2      (3) His arm was hurting and his long arm cast was broken in

3  two at the forearm.

4      (4) His wrist was swollen from the handcuffs.

5      (5) His face hurt from being hit in the jaw.  Def. Ex. G at

6  50-54.

7      Defendants contest the serious nature of Plaintiff's medical

8  needs by relying on Plaintiff's deposition testimony and other

9  evidence as follows:

10     (1) The knot on his head was small, only the size of silver

11 dollar.  Plaintiff could only speculate whether the knot bled, and

12 the bleeding stopped of its own accord, which indicates that it was

13 not a serious injury.

14     (2) They characterize Plaintiff's foot injury as a "scraped

15 toe," which cannot constitute an urgent medical need.

16     (3) Although Plaintiff's arm cast was damaged it was not

17 broken off and Plaintiff did not testify, nor has he alleged, that

18 his arm was injured.

19     (4) Although Plaintiff testified that his wrists were swollen

20 from the handcuffs, in his amended complaint he previously

21 identified the only wrist-related injury as a cut.  He did not

22 testify or allege that either the cut or swelling was significant.

23     (5) The medical progress notes written by Nurse Moore state

24 that Plaintiff denied discomfort when she checked on him in the

25 hours after he returned to the SRJ infirmary, as do the notes

26 recorded by medical staff through October 22, 1999.

27     The Court finds Plaintiff has presented sufficient evidence to

28                                   6

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

create a triable issue as to whether his injuries amounted to a serious medical need.

      B.   <u>Deliberate Indifference</u>

     A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  <u>McGuckin</u>, 974 F.2d at 1060; <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Deliberate indifference may appear when prison officials deny or delay medical treatment.  <u>McGuckin</u>, 974 F.2d at 1062.  But mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment.  <u>Franklin v. Oregon,</u> 662 F.2d 1337, 1344 (9th Cir. 1981).

     Defendants assert that Plaintiff has not presented evidence that they acted with deliberate indifference to his medical needs. They point to following facts taken from Plaintiff's deposition testimony and other evidence.

     Plaintiff's assertion that a short, white-haired Caucasian nurse practitioner was in the infirmary corridor when he was being wheeled into his room is not probative of his claim because no evidence shows that the nurse practitioner saw him, he never spoke to her and he recalls no nurse coming anywhere near him that night, and, even if she had seen him from down the corridor, no evidence suggests she was aware he had any medical needs, let alone serious

1   medical needs.

2       Plaintiff has presented no evidence that Defendants Goodspeed

3   or Krieger saw him that night.  He testified at his deposition that

4   he does not know what either of them looks like, he does not know

5   whether either saw him at all that night, and he does not know

6   whether they even were on duty when he returned to SRJ.  He further

7   testified that the only reason he named these two nurses as

8   Defendants is because their names were listed on a sheet of paper

9   that he received regarding what happened at NCJ.  The sheet of

10  paper in question is a report in which Sgt. Kimmel, who was on duty

11  as the Watch Sergeant at NCJ on the date of Plaintiff's interaction

12  with the deputies, states that he spoke to NCJ Nurse Fife about

13  where Plaintiff should be housed if he could not return to SRJ, and

14  Fife told him,

>       that he had contacted Nurse C. Krieger, the duty Nurse at
>       the Santa Rita Jail booking section.  Nurse Krieger had
>       stated that Sloan's medical condition was such that he
>       could stand and walk for short distances and set [sic] in
>       either chairs or vehicle seats with no difficulty.

18  Def. Ex. C.

19      With reference to Nurse Goodspeed, Sgt. Kimmel stated that he

20  had contacted her five days later, on October 24, 1999, and she

21  told him that Plaintiff was cleared to walk and sit normally, and

22  in fact was required to walk daily according to doctor's orders.

23      Defendants maintain that the statements in the report are

24  inadmissible hearsay, but even if they are not, they do not support

25  Plaintiff's theory that Nurse Krieger was the nurse he saw in the

26  corridor, because the report indicates that Nurse Krieger was

27  working in the booking section, not in the infirmary.  Further, it

28

8

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   indicates only that she was at SRJ while Plaintiff was still at

2   NCJ, and is not probative of whether she was still at SRJ when

3   Plaintiff arrived.  Nor does the report shed any light as to

4   whether Nurse Goodspeed was at SRJ on October 19, 1999, or whether

5   she saw Plaintiff.

6        Finally, even if the nurses were in the SRJ infirmary when

7   Plaintiff arrived, Defendants point to the lack of evidence to

8   support an inference that he suffered harm from the alleged lack of

9   care.

10       Plaintiff has presented no evidence in opposition to the

11  motion to summary judgment.  He renews his ongoing claim that

12  prison officials at High Desert State Prison are preventing him

13  from litigating his action and that he has not been afforded

14  adequate discovery by the Court.  The Court rejects these

15  arguments.  The record is replete with examples of Plaintiff's more

16  than ample ability to prosecute his action and his access to

17  discovery procedures.

18       Plaintiff has not borne his burden of producing specific

19  evidence to show that a material dispute exists regarding whether

20  Nurses Goodspeed and Krieger acted with deliberate indifference to

21  his serious medical needs.  Accordingly, the motion for summary

22  judgment is GRANTED.

23  //

24  //

25  //

26  //

27  //

28                                    9

1
CONCLUSION

2
     For the foregoing reasons, the Court orders as follows:

3
     Defendants Goodspeed and Krieger's motion for summary judgment

4
is GRANTED.  (Docket no. 365.)  The motion to dismiss the claims

5
against them is DENIED as moot.  (Docket no. 340.)  The Clerk of

6
the Court shall enter judgment in their favor when the case against

7
the remaining Defendants is concluded.  These Defendants shall bear

8
their own costs.

9
     IT IS SO ORDERED.

10
Dated: 2/24/06

_____
CLAUDIA WILKEN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10