UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SLOAN, JR., | No. C-00-4117 CW (JCS) |
| Plaintiff(s), | |
| v. | **ORDER DENYING MOTION TO DISMISS COMPLAINT OR FOR OTHER SANCTIONS [Docket No. 361]** |
| OAKLAND POLICE DEPARTMENT, ET AL., | |
| Defendant(s). | |

## I.   INTRODUCTION

In July 2005, the Alameda County Sheriff's Department Defendants brought a motion to dismiss (the "First Motion to Dismiss") based on Plaintiff's failure to submit to a deposition and to respond to their interrogatories. Defendants Goodspeed and Krieger, who also sought interrogatory responses, joined in the motion. In response, the Court ordered that Plaintiff be deposed no later than August 10, 2005, and that he respond to the two sets of interrogatories no later than August 9, 2005. Plaintiff appeared for his deposition on August 8, 2005, but did not respond to the interrogatories by the deadline set by the Court. On the basis of this failure to respond to the interrogatories, the Alameda County Sheriff's Department brought a Motion to Dismiss Complaint or for Other Sanctions ("the Second Motion to Dismiss" or the "Motion"), seeking either dismissal of Plaintiff's claims or preclusion of any evidence relevant to the unanswered interrogatories. Defendants Goodspeed and Krieger again joined in the motion. However, during the course of briefing, Plaintiff provided answers to both sets of interrogatories. Thus, in their Reply, Defendants assert as an alternative basis for the requested sanctions that the interrogatory responses were late

and incomplete. Before the Court is the question of what sanctions, if any, should be imposed against Plaintiff. For the reasons stated below, Defendants' Motion is DENIED.[1]

## II. BACKGROUND

Plaintiff is an inmate at High Desert State Prison in Susanville, California. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Complaint or for Other Sanctions; Alternatively to Compel Plaintiff to Appear and Answer Questions at Deposition ("July 26, 2005 Order"), at 3. On November 7, 2000, Plaintiff filed a complaint alleging that deputies of the Alameda County Sheriff's Department had used excessive force while transporting him between facilities on October 18, 1999. In his first amended complaint, which the Court ordered filed and served on September 16, 2003, Plaintiff added allegations that two Jane Doe Defendants had denied him medical care on October 18, 1999. On March 16, 2005, Plaintiff was given leave by the Court to file a second amended complaint, which identified the Jane Doe Defendants as Santa Rita Jail nurse practitioners C. Krieger and L. Goodspeed, and identified additional Alameda County Sheriff's Department deputies as Defendants.

On July 11, 2005, the Alameda County Sheriff's Department Defendants brought their First Motion to Dismiss on the grounds that Plaintiff had not cooperated during his deposition and had not answered their special interrogatories. *See* July 26, 2005 Order at 3. The Court ordered Plaintiff to appear at his deposition no later than August 10, 2005, and to respond to Defendants' interrogatories by August 9, 2005. *Id.*

Plaintiff appeared for his deposition on August 8, 2005. Motion, at 2. According to Defendants' counsel, at the deposition, Plaintiff was reminded that the Court's July 26, 2005 Order required him to answer Defendants' interrogatories by August 9, 2005. Declaration of Steven J. Plas in Support of Motion to Dismiss for Failure to Comply with Court Order to Respond to Interrogatories ("Plas Decl.") at ¶ 4.

---

[1] On February 24, 2006, the Court granted the summary judgment motion of Defendants Goodspeed and Krieger and dismissed all of Plaintiff's claims against them. The Motion is, therefore, moot as to these Defendants.

2

Plaintiff did not provide interrogatory responses by August 9, 2005, as ordered by the Court. However, he did send the Court a letter, dated August 12, 2005 and filed August 17, 2005, in which he claimed that all his legal documents and personal property "including Orders of the Court" had been confiscated by prison staff on August 3, 2005. *See also* Declaration in Support of Opposition to Motion to Dismiss and Motion for Summary Judgment ("Sloan Decl"), at ¶ 48 (stating that on August 3, 2005, all of Sloan's legal documents were confiscated by prison staff). In the August 12 letter, Plaintiff stated that the confiscation of his documents had "obstructed [him] from responding to previous orders of the court and to interrogatories." He also stated that he told Defendants' counsel at his August 8, 2005 deposition that he would be unable to respond to their interrogatories until his legal documents were returned. Finally, Plaintiff requested a continuance that would allow him "fair opportunity" to retrieve his legal property and documents so that he might respond.

On September 16, 2005, Defendants filed their Second Motion to Dismiss. In the Motion, Defendants asked the Court to dismiss Plaintiff's claims against the Alameda County Sheriff's Department Defendants, or at a minimum, preclude Plaintiff from introducing any evidence relevant to the unanswered interrogatories. Defendants asserted that they would be prejudiced by Plaintiff's failure to provide the information requested in interrogatories, especially as trial was set to begin on November 7, 2005. They argued that Plaintiff's failure to answer had and would continue to cause them to incur "broad and unnecessary" expenses in preparing for trial. Motion at 2. Defendants also stated that as of the date of that filing, Plaintiff had not sought an extension or offered any explanation for his failure to respond to the interrogatories. *See* Plas Decl. at ¶ 5. In the Motion, the Defendants did not address the contents of Plaintiff's August 12, 2005 letter to the Court.

On October 12, 2005, the Court issued an order vacating both the November 7, 2005 trial date and the October 28, 2005 hearing on the Second Motion to Dismiss. Order Vacating Trial and Hearing Dates, Setting Briefing Schedule on Motion to Dismiss and on Motion for Summary Judgment, and Denying Plaintiff's Request for Appointment of Counsel (Alameda Claims Only) ("October 12, 2005 Order") at 2. The October 12, 2005 Order set out a schedule for further filings: Plaintiff's Opposition to the Motion to Dismiss was to be filed on November 15, 2005, and any reply documents were to be filed by Defendants no later than December 1, 2005. *Id.* The Order directed

3

that all further dispositive motions should be decided on the papers unless the Court ordered otherwise. *Id.* at 2.

On November 21, 2005, Defendants received Plaintiff's responses to their special interrogatories. Declaration of Jesper I. Rasmussen in Support of Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss ("Rasmussen Decl."), ¶ 5. The responses are dated October 26, 2005. *Id.*, Ex. F. According to Defendants' counsel, however, the responses were sent to an outdated address and thus receipt was delayed by almost a month. *Id.*, ¶ 5. Defendants' counsel has notified Plaintiff of the correct address on at least two occasions, once on February 9, 2005, and again on June 1, 2005. *Id.*, ¶ 3-4, Exs. B & C.

On November 28, 2005, Defendants received Plaintiff's Opposition. *Id.*, ¶ 2. Defendants note that the Opposition was served by mail on November 18, 2005 – three days after the Court's November 15, 2005 deadline – and that once again, receipt by Defendants was delayed because Plaintiff used an outdated address. *Id*. The Opposition was filed with the Court on November 21, 2005.

Plaintiff's Opposition focuses primarily on the Motion for Summary Judgment by Defendants Goodspeed and Krieger, and does not specifically address the Motion to Dismiss. Plaintiff does, however, refer to "obstructions and hindrances" by the prison which he says have impeded his ability to litigate his legal claims. Plaintiff's Opposition to Motion to Dismiss and Motion for Summary Judgment ("Opposition") at 4. Plaintiff also provides evidence regarding the seizure of his documents indicating that Plaintiff's property, including a box of documents, was confiscated on August 3 and returned on August 18, 2005. *See* Sloan Decl. Exh. 17 at 1 (Memorandum from Associate Warden T. Perez, dated October 2, 2005); *id*. at 8 (confirmation of receipt of property dated August 18, 2005).

The Alameda Sheriff's Department Defendants filed a Reply on December 2, 2005 – one day after it was due and three days after they received Plaintiff's Opposition. Although Defendants had received Plaintiff's interrogatory responses when they filed their Reply, Defendants continue to maintain that Plaintiff's claims against them should be dismissed. According to Defendants, sanctions are warranted because, even though Plaintiff responded to their interrogatories, the

4

1  responses were both late and incomplete.  Defendants list numerous examples of interrogatory
2  responses that they assert are insufficient.  *See* Memorandum of Points and Authorities in Reply to
3  Plaintiff's Opposition to Motion to Dismiss ("Reply") at 5-7.  Defendants contend that these actions
4  prejudice their "ability to conduct discovery and prepare their defense in a fair and timely matter."
5  *Id.* at 1.  Defendants further request that Plaintiff's Opposition be stricken because it was late.  Reply
6  at 3.

**III.   ANALYSIS**

### A.   Request to Strike Opposition

Defendants ask the Court to Strike Plaintiff's Opposition on the basis that it was mailed three days late and filed six days late.  The Court declines to do so.  Although Defendants were inconvenienced by Plaintiff's late filing, they have not demonstrated that they were prejudiced in any meaningful way.  Therefore, the request is DENIED.

### B.   Request for Sanctions

Under Federal Rule of Civil Procedure 33(b)(3), a party is to serve either answers or objections to interrogatories within 30 days of their service, although a longer timeline may be set by the Court.  If a party fails to answer or object to interrogatories, or answers them deficiently, the party that submitted the interrogatories may apply to the Court for an order under Rule 37(a) compelling disclosure or discovery with respect to any objections, failures to answer, or evasive or incomplete responses.  *See* Fed. R. Civ. P. 33(b)(5), 37(a).  Failure to comply with such an order may, in turn, result in the imposition of sanctions.  *See* Fed. R. Civ. P. 37(b) (sanctions for failure "to obey an order to provide or permit discovery") and (d) (sanctions for failure to "serve answers or objections to interrogatories").  Among the sanctions a court may consider are: 1) "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;" or (2) "[a]n order . . . dismissing the action or proceeding or any part thereof . . . ."  Fed. R. Civ. P. 37(b)(2).  Here, Defendants seek both types of sanctions.

As a preliminary matter, the Court notes that it is not clear from the plain language of Rule 37 that the sanctions listed in subsection (b)(2) are available where interrogatory responses are filed

late, as opposed to situations in which no responses are filed at all. Subsection (d), which directly addresses sanctions relating to interrogatories, allows for imposition of sanctions where a party "fails" to answer or object to the interrogatories, but does not address late responses. Thus, if the sanctions sought by Defendants are available, it can only be under Rule 37(b)(2), which is framed more broadly to allow for sanctions where a litigant "fails to obey" an order. Although Defendants cited a case in their Motion holding that dismissal was warranted where a pro se litigant *refused* to answer interrogatories, *see Lindstedt v. City of Granby*, 238 F.3d 933 (8th Cir. 2000), Defendants did not cite any cases in their Reply brief addressing the types of sanction that may be imposed where interrogatory responses are filed late. Assuming that the sanctions set forth in Rule 37(b)(2) are available in cases involving late interrogatory responses, the Court concludes, nonetheless, that neither type of sanction sought by Defendants – dismissal or evidentiary – should be imposed here.

### 1. Dismissal Sanctions

Among the sanctions that a district court has discretion to apply, dismissal is an "extreme sanction," appropriate in cases where a threshold of "flagrant, bad faith disregard of discovery duties" has been met. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir 1990) (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). In the Ninth Circuit, courts may consider a litigant's pro se status as a factor when determining the latitude to be afforded him during discovery. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (holding that dismissal sanctions were not justified where litigant failed to comply with "massive discovery" requests based, in part, on fact that litigant was homeless, indigent and disabled and was proceeding pro se). Even where bad faith and willful conduct are found, the sanction of dismissal is viewed as harsh, and the court must weigh five factors before imposing it: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer*, 910 F.2d at 656 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 130, (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). Further, the Ninth Circuit has held that the element of prejudice is "essential." *Id.* Thus, "[d]elay alone, without a focus on its effects, will not justify dismissal or default." *Id.* Rather, there is prejudice only where

"a plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131.

Here, Defendants initially argued that Plaintiff's failure to provide interrogatory responses prejudiced their ability to prepare for a trial that was scheduled to begin on November 7, 2005. Subsequently, however, the November 7 trial date was vacated and no new date was set. Soon thereafter, Defendants received Plaintiff's interrogatory responses. To the extent these responses are inadequate, Defendants may bring a motion to compel under Rule 37(a).[2] Therefore, the Court concludes that Defendants have failed to demonstrate that their ability to defend against Plaintiff's claims has been so threatened by Plaintiff's late (and possibly inadequate) responses that the extreme sanction of dismissal is justified.

### 2. Evidentiary Sanctions

Defendants also request that the Court preclude evidence relevant to its interrogatories.[3] The Court rejects this request.

First, the Court finds no authority that suggests that such a potentially extreme sanction is appropriate based only on delay without a showing of prejudice. Second, to the extent that Defendants rely on the inadequacy of Plaintiff's responses, it is premature to impose sanctions where the Court has not instructed Plaintiff regarding how his discovery responses are deficient. *See In Re Rubin*, 769 F.2d 611, 616 (9th Cir. 1985) (holding that "[a] party should be given some indication by the court of how its discovery responses have been deficient," before imposing sanctions). Rather, Defendants may bring a motion to compel addressing the responses they assert

---

[2] Given that Plaintiff has been deposed, however, such a motion will only be granted if the additional interrogatory responses sought are not duplicative of information already obtained, through deposition or otherwise. In particular, Defendants will need to address whether the interrogatories relate to questions that were asked, or could have been asked, at Plaintiff's deposition. Defendants will also need to address whether Plaintiff's failure to adequately respond to the interrogatories has given rise to actual prejudice.

[3] In their Reply, Defendants appear to have abandoned their request for evidentiary sanctions, asking only for dismissal of the action. Out of an abundance of caution, however, the Court addresses the Defendants' earlier request for evidentiary sanctions.

1  are inadequate.  If the Court determines, on the basis of full briefing, that an order compelling
2  additional responses is
3  appropriate, it will issue an order with specific instructions to Plaintiff.  Such an order is a
4  prerequisite to the imposition of sanctions based on inadequate interrogatory responses.

**IV.    CONCLUSION**

For the reasons stated above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge