|  |  |  |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

JOHNNY SLOAN,  )   C 00-04117 CW (PR)
              )
     Plaintiff, )   NOTICE REGARDING INABILITY
              )   TO SERVE DEFENDANT DAVE FIFE
     v.       )
              )
OAKLAND POLICE DEPARTMENT, et al., )
              )
     Defendants. )
_____ )

Defendant Dave Fife has not been served in this action. The United States Marshal's Office has informed the Court that service could not be completed on Defendant Fife at the North County Jail because he was "not found or no longer at address given." Court staff have contacted the local offices of, and the attorney for, Prison Health Services, Inc. (PHS) in an effort to locate Defendant Fife so that he can be served. However, Defendant Fife is no longer employed with PHS, and no current address is available. The Court has obtained Defendant Fife's last known address, and has directed the United States Marshal to personally serve Defendant Fife at that address.

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure

4(m).  See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than thirty (30) days from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Fife.  Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of Defendant Fife.

If the United States Marshal is unable to serve Defendant Fife at his last known address and if Plaintiff fails to provide the Court with Defendant Fife's current address within the thirty-day deadline, all claims against Defendant Fife will be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

DATED: 12/10/07

_____
CLAUDIA WILKEN
United States District Judge

P:\PRO-SE\CW\CR.00\Sloan4117.serviceISSUES.wpd        2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SLOAN,

        Plaintiff,

v.

OAKLAND POLICE DEPT, ET AL et al,

        Defendant.

Case Number: CV00-04117 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Johnny L. Sloan P-77770 / B3-142
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Matthew M. Grigg
Law Offices of Nancy E. Hudgins
565 Commercial St., 4th Floor
San Francisco, CA 94111

Dated: December 10, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.00\Sloan4117.serviceISSUES.wpd     3